IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

INDIANA SPINE GROUP P.C.,                )
                                         )
           Plaintiff,                    )
                                         )    CASE NO.: 1:09-cv-1485 LJM-DML
    v.                                   )
                                         )
FIRST HEALTH GROUP CORP.                 )
and COVENTRY HEALTH CARE, INC.,          )
                                         )
           Defendants                    )

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

The Plaintiff, Indiana Spine Group, P.C. ("Indiana Spine Group"), for its complaint against First Health Group Corp. ("First Health") and Coventry Health Care, Inc. ("Coventry") states:

### Parties, Jurisdiction and Matter at Issue

1.  Indiana Spine Group is an Indiana corporation with its principal place of business at 8402 Harcourt Road, Suite 400, Indianapolis, Indiana. Indiana Spine Group provides medical services specializing in disorders of the spine and neck. A substantial part of its practice involves treating work related injuries of the spine or neck pursuant to the worker's compensation laws of Indiana

2.  First Health is a wholly owned subsidiary of Coventry. Both First Health and Coventry have their principal place of business in San Diego, California, and are believed to be incorporated in California or Maryland. First Health and Coventry claim to provide "national

PPO network access and other cost containment measures to help [their] clients manage employee benefit plans."

3. As part of its business, First Health and Coventry advertised, promoted, and represented that Indiana Spine Group was part of a First Health preferred provider organization ("PPO").

4. These representations were made to induce worker's compensation insurers to utilize First Health and Coventry services to reduce worker's compensation payments made to Indiana Spine Group on medical services provided to injured Indiana workers.

5. Indiana Spine Group is informed and believes that First Health and Coventry profited by making these advertisements, promotions, and representations.

6. The representations, advertisements, and promotions to worker's compensation insurers relating to Indiana Spine Group were false. Indiana Spine Group and its physicians are not and never were providers in a First Health or Coventry PPO.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because of diversity of citizenship of the parties with the amount in controversy in excess of $75,000, exclusive of interest and costs, and, pursuant to 28 U.S.C. § 1331 because of this action arises under the laws of the United States, specifically 15 U.S.C. § 1125(a).

## Count I
### Violation of 15 U.S.C. § 1125(a)

8. Under 15 U.S.C. § 1125(a), any person who, in connection with any services, uses in commerce any misleading description of fact, or a false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of such person with another person shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

9. First Health and Coventry violated this statute by advertising, promoting and representing that Indiana Spine Group and its physicians were providers in a First Health or Coventry PPO.

10. Indiana Spine Group has been damaged as a result. Many different worker's compensation insurance carriers have claimed that they are entitled to take deductions to medical bills submitted by Indiana Spine Group to such carriers for reimbursement pursuant to Indiana's Worker's Compensation Act. Indiana Spine Group has been forced to file and prosecute hundreds of applications for adjustment of provider fees before the Indiana Worker's Compensation Board. Worker's compensation insurance carriers are refusing to deal with Indiana Spine Group because it contests the existence of the alleged PPO arrangement.

11. Indiana Spine Group's damages include, but are not limited to: (a) reduction in worker's compensation billings taken by insurers; (b) attorney fees incurred before the Indiana Worker's Compensation Board for the filing and prosecution of applications for adjustment of provider fees filed as a result of PPO deductions taken by insurers; and (c) loss of business and reputation among worker's compensation insurers because of the false advertising.

WHEREFORE, Indiana Spine Group prays that this Court: (a) declare that the advertising by First Health and Coventry as to the status of Indiana Spine Group was false and in violation of 15 U.S.C. § 1125(a); (b) award Indiana Spine Group appropriate damages; and (c) grant Indiana Spine Group all other just and proper relief.

## Count II
### Intentional Interference with Advantageous Business Relationships

12. Indiana Spine Group incorporates by reference paragraphs one through eleven.

13. Indiana Spine Group had valid business relationships with various worker's compensation insurance carriers, including but not limited to, Liberty Mutual Insurance

Company and AIG, relating to worker's compensation insurance being provided to employees of companies insured by such carriers.

14. First Health and Coventry knew of these business relationships.

15. First Health and Coventry intentionally interfered with these business relationships without justification and illegally in violation of 15 U.S.C. § 1125(a).

16. Indiana Spine Group has been damaged as a result.

17. Indiana Spine Group's damages include but are not limited to: (a) reduction in worker's compensation billings taken by insurers; (b) attorney fees incurred before the Indiana Worker's Compensation Board for the filing and prosecution of applications for adjustment of provider fees filed as a result of PPO deductions taken by insurers; and (c) loss of business and reputation among worker's compensation insurers because of the false advertising.

WHEREFORE, Indiana Spine Group prays that this Court: (a) award Indiana Spine Group appropriate compensatory and punitive damages; and (b) grant Indiana Spine Group all other just and proper relief.

## Count III
### Negligence

18. Indiana Spine Group incorporates by reference paragraphs one through eleven.

19. First Health and Coventry owed a duty to Indiana Spine Group to fully investigate and determine the existence of a valid PPO arrangement with Indiana Spine Group before representing to the public, including worker's compensation insurance carriers, that a valid PPO arrangement existed.

20. First Health and Coventry breached this duty.

21. Indiana Spine Group has been damaged as a result.

22. Indiana Spine Group's damages include but are not limited to: (a) reduction in worker's compensation billings taken by insurers; (b) attorney fees incurred before the Indiana Worker's Compensation Board for the filing and prosecution of applications for adjustment of provider fees filed as a result of PPO deductions taken by insurers; and (c) loss of business and reputation among worker's compensation insurers because of the false advertising.

WHEREFORE, Indiana Spine Group prays that this Court: (a) award Indiana Spine Group appropriate compensatory damages; and (b) grant Indiana Spine Group all other just and proper relief.

### Count IV
### Unjust Enrichment

23. Indiana Spine Group incorporates by reference paragraphs one through eleven.

24. Indiana Spine Group is informed and believes that First Health and/or Coventry or its related companies received compensation from various insurance carriers based upon the bill reductions that were taken from billings by Indiana Spine Group made pursuant to the Indiana Worker's Compensation Act.

25. First Health and/or Coventry have been unjustly enriched by the amount of compensation received.

WHEREFORE, Indiana Spine Group prays that the Court award it appropriate compensatory damages and all other just and proper relief.

### Count V
### Request for Declaratory Judgment Pursuant to 28 U.S.C. § 2201

26. Indiana Spine Group incorporates by reference paragraphs one though eleven.

27. First Health repeatedly made false statements, orally and in writing to the public, including various worker's compensation insurance carriers, that Indiana Spine Group was in a

PPO relationship with First Health such that worker's compensation insurance companies could take PPO discounts.

28. First Health and Coventry knew that these statements were false. Coventry employees in April 2008 admitted that such statements were false and that no PPO arrangement existed.

29. Indiana Spine Group has been damaged as a result.

30. Indiana Spine Group's damages include but are not limited to: (a) reduction in worker's compensation billings taken by insurers; (b) attorney fees incurred before the Indiana Worker's Compensation Board for the filing and prosecution of applications for adjustment of provider fees filed as a result of PPO deductions taken by insurers; and (c) loss of business and reputation among worker's compensation insurers because of the false advertising.

31. First Health and Coventry have failed and refused to inform the various insurance carriers with which it created relationships and others that there was no First Health PPO contract with Indiana Spine Group or its physicians.

32. An actual controversy exists such that this Court should declare that there is not and never was a valid PPO relationship between First Health and Indiana Spine Group.

WHEREFORE, Indiana Spine Group prays that this Court: (a) issue a declaratory judgment that no PPO contract exists or ever existed between First Health and Indiana Spine Group and its physicians; and (b) grant all other necessary or proper relief.

Respectfully submitted,

PLEWS SHADLEY RACHER & BRAUN LLP

By: *Frederick D Emhardt*
One of the Attorneys for Plaintiff
Indiana Spine Group, P.C.

Frederick D. Emhardt, Attorney No. 10952-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, Indiana  46202-2415
Telephone:  317-637-0700
Facsimile:  317-637-0710
E-mail:  femhardt@psrb.com

## JURY TRIAL DEMAND

The Plaintiff, pursuant to Fed Rule Civ. P. 38(b), hereby demands trial by jury.

Respectfully submitted,

PLEWS SHADLEY RACHER & BRAUN LLP

By: *Frederick D Emhardt*
One of the Attorneys for Plaintiff
Indiana Spine Group, P.C.

Frederick D. Emhardt, Attorney No. 10952-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, Indiana  46202-2415
Telephone:  317-637-0700
Facsimile:  317-637-0710
E-mail:  femhardt@psrb.com